

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2021

November 15, 2021

**VIA ECF**

**MEMO ENDORSED**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 443
New York, NY 10007

       Re:    *APP Group (Canada) Inc. d/b/a Mackage, et al. v. Rudsak USA Inc.,*
              S.D.N.Y. Docket No: 1:21-cv-07712

Dear Judge Caproni:

      This law firm represents Plaintiffs (collectively, "Mackage") in connection with the above-referenced matter and writes, together with Defendant's counsel, in anticipation of the upcoming Rule 16 Conference (the "Conference") to: (i) provide a brief factual background of the case, as Your Honor directed; (ii) address the parties' respective positions as to the Proposed Case Management Plan and Scheduling Order (the "Proposed Scheduling Order"), which is attached, and Defendant's request that the Conference be adjourned.; (iii) discuss the present/contemplated motions; (iv) explain the basis for subject matter jurisdiction; and (v) advise the Court on the parties' respective positions regarding settlement.

**1)**   **Summary of Case**

### Plaintiffs' Description of the Case

      Mackage coats and jackets incorporate non-functional product trade dress constituting a combination of distinctive features that identify the goods as originating from Mackage, including: (i) the signature V-shaped fur-collar/hood used on the many of its best-selling coats (the "V-Shaped Collar"); and/or (ii) the asymmetrical zipper used to close several of its coats (the "Asymmetrical Zipper") (the V-Shaped Collar and Asymmetrical Zipper are referred to individually and collectively as the "Trade Dress"). Cmpl. ¶¶ 14, 17, 19, 22, 23, 33-35, 37-39, 43, 48-49. Plaintiffs have continuously used the Trade Dress in connection with their products in U.S. commerce since at least as early as August 2007 (*Id*. ¶¶ 18, 20, 55). Indeed, as a result of Mackage's continuous use of the Trade Dress, including advertising, labeling and marketing utilizing the Trade Dress, and the time, effort, energy and expense Mackage has dedicated to its products and the Trade Dress, Mackage's signature V-Shaped Collar and Asymmetrical Zipper have garnered considerable fame and recognition as an identifier for MAckage. *Id*. ¶¶ 21-23.

      However, as noted in the Complaint, Plaintiffs discovered that Rudsak has engaged in scheme to willfully and slavishly copy Mackage's Trade Dress ("Rudsak's Offending Coats"). Examples of the Mackage Trade Dress juxtaposed to Rudsak's Offending Coats, improperly incorporating same, can be found below and in the Complaint at Pars. *Id*. ¶ 23.

{F4352503.1 }

## MACKAGE COAT



## RUDSAK COAT



## MACKAGE COAT



## RUDSAK OFFENDING COAT



District Judge Valerie E. Caproni
November 15, 2021
Page 2 of 4

Plaintiffs not only commenced this action to address Rudsak's infringement of Plaintiffs' Trade Dress but also to put an end to Rudsak's practice of unfair competition. Specifically, as alleged in the Complaint, though Rudsak has full knowledge of the steps taken by Plaintiffs to protect their specific property rights in their Trade Dress and to prevent unauthorized copying and reproduction, Rudsak has, and continues to, improperly obtain and misappropriate Mackage's Proprietary Information for its commercial benefit by wrongfully, willfully and deliberately hiring ex-Mackage employees including sales managers, marketers and sourcers who are intimately affiliated with the unique aspects of Mackage's designs, fits, models, sketches and other production details, then utilizes them to copy Mackage's style nearly verbatim. *Id.* ¶ 43. Indeed, as alleged in the Complaint, Rudsak knowingly violates these agreements and/or evades them by retaining Mackage's ex-employees as "consultants" rather than employees in order to obtain Mackage's Proprietary Information and manufacture and sell nearly verbatim copies of Mackage's coats. *Id.* ¶ 44. Plaintiffs have learned from ex-Rudsak employees, who have been involved in or privy to Rudsak's unfair competition, that when Rudsak copies Mackage's designs, it often labels the coats while they are in development with the temporary style code "Coat M", which means "Mackage." *Id.* ¶ 46.

This action seeks both injunctive relief and damages to address Rudsak's willful conduct.

### **Defendant's Description of the Case**

Defendant believes this case is an improper attempt by Plaintiffs to claim exclusive protection for common product design features in an effort to stifle competition. Indeed, the United States Patent and Trademark Office already has rejected Plaintiffs' attempt to register one of the two design elements pleaded in the Complaint (the so-called "V-Shaped Collar"), and undoubtedly would have rejected the other element (the so-called "Asymmetrical Zipper") had Plaintiffs attempted to register it.

On November 11, 2021, Defendant moved to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 12-13.) As set forth in Defendant's Memorandum of Law (ECF No. 13), Plaintiffs have not come close to meeting the Second Circuit's requirements for pleading a plausible claim of trade dress infringement (Count I), trade dress dilution (Counts II and IV), deceptive acts and practices under New York statutory law (Counts V and VI), and unfair competition under common law (Count III).

Defendant has also moved to dismiss Plaintiffs claims for trade dress dilution (Counts II and IV) on the ground that, among other things, Plaintiffs cannot state a claim for trade dress dilution without plausibly pleading ownership of rights in a protectable trade dress. Defendant has moved to dismiss Plaintiffs' claims under New York statutory law (Counts V and VI) on the grounds that Plaintiffs cannot state a claim under New York General Business Law Section 133 without plausibly alleging that the purported trade dress has acquired secondary meaning, and Plaintiff cannot state a claim under New York General Business Law Section 349 without pleading

District Judge Valerie E. Caproni
November 15, 2021
Page 2 of 4

injury to the public. Defendant's motion further seeks dismissal of Plaintiffs' unfair competition claim (Count III) on the ground that Plaintiffs failed to define with specificity the proprietary information that Defendant allegedly misappropriated.

If and when Plaintiffs ever set forth allegations supporting a plausible cause of action, Defendant anticipates that it will plead various affirmative defenses in response thereto. But Defendant doubts Plaintiffs will ever be able to plead an actionable claim for trade dress infringement, dilution, or unfair competition given the character of Plaintiffs' allegations to date.

### 2) Proposed Scheduling Order and Defendant's Requested Adjournment of the Conference

#### a. Plaintiffs' Position

Plaintiff contends that the Court should enter the attached Proposed Scheduling Order and that all dates should run from its issuance. Plaintiffs object to Defendant's proposal to have the dates run from Defendant's filing of an Answer as it is essentially a request for a stay of discovery—without any formal motion—and merely a tactic to delay the prompt adjudication of this matter on the merits. Additionally, Plaintiffs would prefer to resolve the matter as expeditiously as possible and thus would welcome the participation of a third-party at the earliest appropriate juncture. Defendants objected to the inclusion of same in the Proposed Scheduling Order, instead contending that no third-party facilitated settlement discussions occur until after the conclusion of discovery.

#### b. Defendant's Position

As set forth above, Defendant contends that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendant respectfully believes it is premature to hold an Initial Pretrial Conference or enter a Scheduling Order. Defendant proposes that that no Scheduling Order be entered before issue has been joined. However, if the Court disagrees and believes it is appropriate to hold an Initial Pretrial Conference and enter a Scheduling Order at the present time, Defendant proposes that the deadlines should date from the filing of an Answer rather than from the date of the Initial Pretrial Conference.

Given that Defendant does not believe that Plaintiffs' Complaint has stated a claim upon which relief can be granted, Defendant's position is that a settlement conference before a magistrate judge or other third party is unwarranted at this time. In the event that issue is ever joined in this case, Defendant would be willing to consider alternative dispute resolution at that time.

### 3) Contemplated/Filed Motions

On Thursday, November 11, 2021, Defendant filed a motion to dismiss the Complaint. The Court set the deadline for Plaintiffs to file their opposition for November 26, 2021 and for Defendant to file its reply, if any, on December 8, 2021. Defendant has consented to Plaintiffs'

District Judge Valerie E. Caproni
November 15, 2021
Page 2 of 4

request for an extension of time to file opposition papers until December 17, 2021, provided that Defendant's reply will be due January 7, 2021, in light of the holidays and counsel's previously scheduled family vacation for the end of December.

4) **Basis for Subject Matter Jurisdiction**

As this is an action for trade dress infringement, false designation of origin, unfair competition, trademark dilution, and unfair business practices, arising under the Trademark Act of 1946, including, *inter alia*, 15 U.S.C. §§ 1114 and 1125 et seq. ("Lanham Act"), New York General Business Law § 360-l, and the common law of the State of New York, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (a), and 28 U.S.C. §§ 1331, 1338 (a) & (b). Furthermore, this Court has supplemental jurisdiction over any and all state court claims pursuant to 28 U.S.C. § 1367 because they are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy.

5) **Prospects for Settlement**

The Parties have not yet discussed settlement.

We thank the Court for its time and attention to this matter and look forward to the upcoming Conference.

Respectfully submitted,

Aaron J. Solomon

---

The initial pretrial conference will be held as scheduled, on **Friday, November 19, 2021 at 2:30 P.M.** All parties and any interested members of the public must attend by dialing 1-888-363-4749, using the access code 3121171, and the security code 7712. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak. Recording or rebroadcasting the proceeding is strictly prohibited by law.

The Clerk of Court is respectfully directed to close the open motion at docket entry 16.
SO ORDERED.

Date: November 16, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE