UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
APP GROUP (CANADA) INC. D/B/A
MACKAGE AND A.P.P. GROUP INC.
D/B/A MACKAGE,                                               Civil Action No.: 1:21-cv-07712 (VEC)

                                   *Plaintiffs*,

      -against-

RUDSAK USA INC.,

                                   *Defendant.*
-----------------------------------------------------------X

## STIPULATION AND CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through the undersigned counsel, that the following provisions of this Stipulation and Confidentiality Agreement and Order (the "**Order**") shall govern disclosure and use by the parties (hereinafter each a "**Party**" and together the "**Parties**") of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

    1.    All Protected Material (defined below) produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

    2.    When used in this Order, the term:

    (a) "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

        (i) private or confidential personal or business and financial information;

        (ii) information subject to confidentiality obligations owed to third parties;

(iii) confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise; or

(iv) any other category of information that a Party reasonably believes in good faith should be, or which the Court determines shall be, accorded confidential status.

(b) "**Highly Confidential – Attorneys' Eyes Only Information**" shall mean extremely sensitive "Confidential Information" that the Disclosing Party (defined below) believes in good faith is of such a sensitive or secret nature that disclosure of such information to any other Party, inclusive of each Party's in-house counsel, or non-party reasonably poses the risk of substantial commercial or competitive disadvantage, injury or harm, including trade secrets or other competitively sensitive confidential research, development, financial, proprietary, or confidential business information.

(c) "**Disclosing Party**" shall refer to any Party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(d) "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(e) "**Protected Material**" shall mean any Documents and Testimony that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

(f) "**Receiving Party**" shall refer to any Party to this Action and its employees, officers, agents, and directors who receive Confidential Information governed by this Order.

(g) The definitions contained in the Southern District of New York's Local Civil Rule 26.3 are incorporated herein.

3. The following information is not, and shall not be designated as, Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material: any information that at the time of its disclosure in this action is part of the public domain or has been previously publicly disclosed through prior publication or other act that is not violative of this Order; and any information that after its disclosure in this action becomes part of the public domain or is otherwise publicly disclosed by reason of its publication by a third party or other act that is not violative of this Order.

4. The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a). A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed on an individual basis by counsel and that there is a good faith basis for such designation that satisfies the criteria set forth in this Order.

5. Nothing contained in this Order will be construed as: (a) a waiver by a Party or third party of its right to object to any discovery request on any grounds; (b) a waiver of any privilege or other protection from disclosure; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

6. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b) the Parties to this action, including their respective officers, directors, in-house counsel, managers, employees, insurers, and counsel to their insurers who are participating or otherwise involved in the action;

(c) any consultants, experts, or investigators, retained for a Party in this Action, provided that such consultant, expert, or investigator: (i) is not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor, and (ii) agrees to be bound by the provisions of this Order by signing a copy of Exhibit A;

(d) outside vendors and service providers (such as copy-service providers and document-management consultants) that such outside counsel hire and assign to this action;

(e) the Court, any other court to which a Party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action subject to this Order;

(g) any non-party witness whom counsel for a Party in this Action in good faith believes may be called to testify at a deposition or hearing or the trial in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) witnesses during their deposition and deposition preparation, provided such person: (i) had access to the very same Confidential Information before the filing of this Action or otherwise pursuant to this Order; and (ii) executes the agreement attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(i) any mediator or arbitrator that the Parties engage in connection with this action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(j) as to any document, its author, its address(es), and any other person indicated on the face of the document as having received a copy; and

(k) any other person if the Receiving Party receives prior written consent of the Disclosing Party or is permitted to do so after seeking, and receiving, permission from the Court, with prior notice to all Parties.

Before disclosing any Confidential Discovery Material to any person described in subparagraphs 6(c) and (g) above, outside counsel must first provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure Agreement and produce the same to opposing counsel upon the request of such opposing counsel either before such person is permitted to testify (at deposition, hearing or trial) or at the conclusion of the action, whichever first occurs.

7. Except with the prior written consent of the Disclosing Party or by Order of the Court, "Highly Confidential – Attorneys' Eyes Only Information" shall not be furnished, shown, or disclosed to any person or entity except to:

(a) outside counsel of record for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b) outside vendors and service providers (such as copy-service providers and document-management consultants) that such outside counsel hire and assign to this action;

(c) consultants, experts, or investigators, retained by counsel for a Party in this Action, provided that such consultant, expert, or investigator: (i) is not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor and (ii) agrees to be bound by the provisions of this Order by signing a copy Exhibit A;

(d) this Court and any appellate court addressing an appeal related to this action, the support personnel thereof, and court reporters providing services thereto;

(e) any mediator or arbitrator that the Parties engage in connection with this action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and

(h) any other person agreed to in writing by the Producing Party.

Upon written request to the Disclosing Party of Highly Confidential – Attorney's Eyes Only Discovery Material that the Receiving Party wishes to disclose or summarize any such Highly Confidential – Attorney's Eyes Only Discovery Material to the Receiving Party's in-house counsel, and upon receipt of acknowledgement in writing by the Disclosing Party permitting the disclosure or summarizing of such Highly Confidential – Attorney's Eyes Only Discovery Material to in-house counsel, then such Highly Confidential – Attorney's Eyes Only Discovery

Material may be disclosed or summarized to the Receiving Party's in-house counsel. In the event the Disclosing Party refuses to consent to the Receiving Party's disclosure or summarizing of the Highly Confidential – Attorney's Eyes Only Discovery Material within seven (7) business days after the written request, the Receiving Party may request that the Court permit such disclosure or summarizing of the Highly Confidential – Attorney's Eyes Only Discovery Material upon letter and without formal motion.

Counsel of record for the Receiving Party must retain each original executed completed agreement attached hereto as Exhibit A and must provide copies to the counsel of record for all other Parties (i) when a written request is made by another Party based on reasonable need, and (ii) after the termination of this action. Counsel of record for the Receiving Party must provide signed copies of Exhibit A from persons described in subparagraph 7(c) to opposing counsel upon the request of such opposing counsel either before such person is permitted to testify (at deposition, hearing, or trial) or at the conclusion of the action, whichever first occurs.

8. Designation of documents or other material as containing Confidential Information or "Highly Confidential – Attorneys' Eyes Only Information" as set forth in this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page deemed Confidential in a manner that does not interfere with the legibility of the document. When Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be designated in writing at the time it is delivered to the Receiving Party. Where only a portion of Discovery Material is designated Confidential or Highly Confidential – Attorneys' Eyes Only, the Disclosing

Party shall produce a copy of said Discovery Material with the Confidential or Highly Confidential – Attorneys' Eyes Only information redacted, with such redaction duly noted thereon.

9. A Disclosing Party or its counsel may designate as Confidential or Highly Confidential – Attorneys' Eyes Only any portion of a transcript from a deposition, a deposition exhibit, or a transcript from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Protected Material ("**Confidential Testimony**") orally at the deposition. Alternatively, the Disclosing Party can designate specific pages and lines of the transcript and/or the deposition exhibits as Confidential Testimony after the deposition has concluded by letter to the reporter and all counsel of record no later than fourteen (14) calendar days after receipt from the reporter of the final deposition transcript. During such 14-day period, the Parties shall treat the entire transcript as Highly Confidential – Attorney's Eyes Only. In view of the foregoing, no Party may bring any of its officers, directors, or employees to a deposition of the other Party's officers, directors, employees, or 30(b)(6) designees without the other Party's express written permission. In the event the designation of Confidential Testimony is made during the deposition, the reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. In the event the designation of Confidential Testimony is made after the deposition has concluded, the Parties shall manually mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of the transcript at the beginning

and end of any portions of Confidential Testimony. The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all Parties. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. Any person or entity in possession of any Protected Material shall maintain the material in a reasonably secure manner and shall not reveal or discuss such information in any manner, either directly or indirectly, to any person or entity other than those identified in Paragraphs 6 and 7, and who have signed the agreement attached hereto as Exhibit A.

11. Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Protected Material.

12. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Agreement that is attached hereto as Exhibit A.

13. If a Receiving Party is served with a subpoena or a motion seeking a court order issued in another litigation or an investigation to compel disclosure of any Protected Material, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or motion and all accompanying information; (b) promptly notify in writing the individual or entity who caused the subpoena to issue or filed the motion in the other litigation

or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Protected Material may be affected.

(a) The Disclosing Party must notify the Receiving Party within seven (7) calendar days of receiving the subpoena or motion and all related information if it intends to seek a protective order from the Court to avoid disclosure of the Protected Material.

(b) If the Disclosing Party seeks a protective order, the Receiving Party served with the subpoena or motion shall not produce any Protected Material before a determination by the Court from which the subpoena issued or motion is filed, unless the Disclosing Party consents to production in writing.

(c) The Disclosing Party shall bear the burden and expense of seeking protection of its Protected Material in the Court that issued the subpoena or in which the motion is pending.

(d) If the Disclosing Party fails to object or seek a protective order from the Court within fourteen (14) calendar days of receiving the subpoena and motion and all related information, the Receiving Party may produce the Protected Material requested.

(e) Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

14. If at any time before the trial of this action a Disclosing Party realizes that it has inadvertently disclosed to the other Party or a third party Protected Material or Discovery Material without designating the material as Confidential or Highly Confidential – Attorneys' Eyes Only, the Disclosing Party may so designate such material by giving written notice thereof to the Receiving Party or third party of such material. The Disclosing Party must notify the Receiving Party within a reasonable time after discovering that it inadvertently failed to designate the

information as Confidential or Highly Confidential – Attorneys' Eyes Only. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Protected Material and the Disclosing Party shall produce a new copy of the Discovery Material bearing the appropriate confidentiality designation and upon receiving notice, the Receiving Party shall notify any non-party to whom disclosure was made about the confidentiality designation. The foregoing provision shall not apply to any documents that have already otherwise become publicly available notwithstanding the provisions herein,

15. Except when a Party intentionally waives attorney-client privilege or work product protection by disclosing such information to an adverse Party as provided in Federal Rule of Evidence 502(a), the disclosure, inadvertent or otherwise, of attorney-client privileged or work product protected Discover Material does not constitute a waiver in this Action. When a Disclosing Party gives notice to a Receiving Party that inadvertently produced material is subject to a claim of privilege or other protection from disclosure, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. A Party may move to compel the production of any such Discovery Material on the basis that: (a) such material is not protected from disclosure by the attorney-client privilege, the work product doctrine or some other recognized protection from disclosure; or (b) any applicable privilege or protection from disclosure has been waived by some act other than the inadvertent production of the Discovery Material. Prior to the filing of any such motion to compel, the Parties shall meet and confer to discuss the possible resolution of the issues raised by the contemplated motion.

16. A failure to challenge the propriety of a designation of Protected Material when initially received shall not preclude a subsequent challenge thereto. If, at any time before trial, a party objects to a designation of Protected Material under this Order, the objecting party shall

notify the Disclosing Party in writing specifying with particularity the documents it contends should be differently designated and the grounds for the objection. Within seven (7) calendar days of receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Protected Material. If, for whatever reason, the Parties cannot resolve their disagreement within that time period, the Parties shall submit their dispute to the Court in accordance with Rule 3(B) of this Court's Individual Practices. The material subject to that application will be treated as Protected Material until the Court rules.

17. Documents may be filed under seal as provided in Rule 5 of the Court's Individual Practices. Notwithstanding other provisions in this Order, a refusal by the Court to permit a Receiving Party to file Protected Material under seal or with appropriate redactions does not render the Receiving Party in breach of this Order or obligate the Receiving Party to withdraw the Protected Material at issue or associated filed documents.

18. Within sixty (60) calendar days after the final disposition of this Action, including any appeals, the Receiving Party must either return all Protected Material to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Protected Material may have been reproduced or captured, at the Receiving Party's election. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, outside counsel for the Receiving Party may retain an archival copy of all pleadings,

motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

19. Any non-party producing Protected Material in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the Party that made the request for information. The requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other Parties. The Parties to this Action may designate information produced by non-parties as Protected Material as consistent with the terms and provisions of this Order. If additional persons or entities become parties to this Action, such parties shall not have access to Protected Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

20. If a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Protected Material and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other Parties to the Action.

21. This Order shall not prejudice in any way the rights of any Party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

Where practical under the circumstances, a Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall no later than one business day before the anticipated disclosure bring that issue to the Court's and Parties' attention by motion or in a memorandum or letter without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. If that Protected Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Protected Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Material.

22. Each person who has access to Protected Material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. The Parties agree that a designation of information as Protected Material is not intended to be and shall not be construed as an admission that the Protected Material is relevant to a Party's claims or defenses.

24. This Order will survive the termination of the Action and will continue to be binding upon the Parties and all other persons subject to the Order to whom Protected Material was produced or disclosed.

25. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other Parties in writing to modify this Order, subject to the Court's approval.

26. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Material, provided counsel does not disclose such material itself except as provided in this Order.

27. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED:**

*/s/ Aaron J. Solomon*
Aaron J. Solomon, Esq.
Christopher J. Rados, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700
*Attorneys for Plaintiffs*

*/s/ Jason D. Jones*
David Donahue
Jason Jones
Shelby P. Rokito
Jessica Ogden
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900
*Attorneys for Defendant*

Notwithstanding anything in the foregoing to the contrary, any requests to file materials under seal or with redactions must be made in accordance with Rule 5 of the Undersigned's Individual Practices in Civil Cases.

**SO ORDERED.**

Dated: New York, New York
        August 28, 2025

_____
**VALERIE CAPRONI**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| APP GROUP (CANADA) INC. D/B/A MACKAGE AND A.P.P. GROUP INC. D/B/A MACKAGE, | Civil Action No.: 1:21-cv-07712 (VEC) |
| *Plaintiffs*, | **NON-DISCLOSURE AGREEMENT** |
| -against- | |
| RUDSAK USA INC., | |
| *Defendant.* | |

------------------------------------------------------------X

    I, _____, acknowledge and declare that I have received a copy of the Stipulation and Confidentiality Agreement and Order (the "Order") in *APP Group (Canada) Inc. d/b/a Mackage and A.P.P. Group Inc. d/b/a Mackage v. Rudsak USA Inc.*, Case No. 1:21-cv-07712 (VEC).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

    Name of individual: _____

    Present occupation/job description: _____

    Address: _____

    _____

Date: _____  Signature: _____