UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APP GROUP (CANADA) INC., et al.,

    Plaintiffs,

-against-

RUDSAK USA INC.,

    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/22/25
```

21-CV-7712 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before me, on referral from the District Judge (*see* Dkt. 54), is defendant's letter motion (Dkt. 56) seeking an order compelling plaintiffs (collectively, Mackage) to produce documents in response to defendant's document production requests, which were served on March 21, 2025. At today's discovery conference, the parties confirmed, on the record, that Mackage has yet to produce a single document in response to those requests.

As justification for the six-month delay in producing documents, plaintiffs pointed to (i) a recent changeover in leadership at Mackage and (ii) the pendency of ongoing settlement negotiations between the parties. Neither circumstance provides good cause for plaintiffs' failure to shoulder their discovery responsibilities. Three months ago, plaintiffs relied on the same "shift in leadership" to seek a 60-day extension of the fact discovery deadline and a 45-day extension of the expert discovery deadline in this case. (Dkt. 49.) The District Judge granted that request (extending the fact discovery deadline to October 12, 2025 and the expert discovery deadline to November 26, 2025), but warned that "the Court is highly unlikely to adjourn further any of the above-listed deadlines absent very good cause." (Dkt. 50.) As for the settlement negotiations, it is well-settled that the "mere pendency" of such negotiations "does not relieve a party of [its] continuing discovery obligations." *BASF Corp. v. Curia Global, Inc.*, 2022 WL 2869044, at *3 (N.D.N.Y. July 21, 2022) (citing *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 866 (2d Cir. 1990));

*see also Air-India v. Goswami*, 1993 WL 403999, at *10 (S.D.N.Y. Oct. 5, 1993) ("[Defendant]'s settlement offer did not serve to adjourn discovery until plaintiff responded[.]"). Consequently, for the reasons discussed on the record during today's discovery conference, it is hereby ORDERED that:

1. Plaintiffs must produce *all* non-privileged documents responsive to defendant's requests for production no later than **October 3, 2025**.

2. No further extensions of the October 12, 2025 fact discovery deadline will be granted at plaintiffs' request or for plaintiffs' benefit.

3. Nothing in this Order prevents defendant from seeking a further extension of the fact discovery deadline if the extension is reasonably required to remedy the delays caused by plaintiffs' failure to make a timely document production.

4. Plaintiffs must pay defendant's reasonable attorney's fees incurred in briefing and arguing today's motion. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court has determined, based on information provided at the conference, that defendant's reasonable attorneys' fees amount to $3,500.00. Plaintiffs must pay this sum no later than **October 3, 2025**.

Dated: New York, NY　　　　　　　　SO ORDERED.
　　　　September 22, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**